# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

CAROL JO WHITEMAN,           )
                             )
                             )
        Plaintiff,            )
                             )
v.                           )     No.  06-CV-237-SAJ
                             )
MICHAEL J. ASTRUE,           )
Commissioner of Social Security )
Administration,[1]            )
                             )
        Defendant.            )

## OPINION AND ORDER[2]

Pursuant to 42 U.S.C. § 405(g) of the Social Security Act and Title XVI of the Social Security Act, 42 U.S.C. §1383 *et. seq.,* Claimant appeals the decision of the Commissioner denying Social Security disability benefits and Supplemental Security Income disability benefits..[3] Claimant asserts that the Commissioner erred because the ALJ's decision is not supported by substantial evidence. For the reasons discussed below, the Court reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

---

[1]

Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action.  No further action need be taken to continue this suit by reason of the last sentence of section  42 U.S.C. § 405(g) of the Social Security Act.

[2]

This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

[3]

Administrative Law Judge John Volz (hereafter "ALJ") concluded that Claimant was not disabled by decision dated October 14, 2005.  [R. 13-21].

## 1. FACTUAL AND PROCEDURAL HISTORY

Claimant, at time of hearing, was a 44 year old female who alleges she is disabled by back pain and scoliosis with an onset date of August 31, 2003. The facts set forth in the decision of the ALJ are substantiated by the record except where indicated herein.[4/]

Hearing was held before the ALJ on March 16, 2005. Claimant appeared with Stephanie Grogan, a paralegal. Attorney Timothy White was present as an observer. Michael Wiseman, Vocational Expert, also appeared.

Claimant requested the ALJ send Claimant for x-rays to be included in the record post hearing to determine the degree of scoliosis present. The ALJ granted the request, ordering an examination to include whatever the physician felt necessary to determine the muscular skeletal disabilities, including a medical source statement and a medical RFC. Claimant was seen by Dr. Krishnamurthi and a radiology report and consultative examination by Dr. Krishnamurthi was included in the record.

Claimant thereafter requested interrogatories be submitted to the doctor regarding the degree of curvature of Claimant's spine. Claimant also objected to the Dr. Krishnamurthi's report because it did not include any reference to whether the post hearing x-rays were reviewed. There is no response to these requests in the file.

The ALJ issued his decision on October 14, 2005 finding Claimant was not under a disability and not entitled to a period of disability, Disability Insurance Benefits, and not eligible for Supplemental Security Income payments. Claimant appealed the decision by

---

[4/] At page 5 of the ALJ decision, paragraph 3, there is a typographical error when describing Claimant's vision as 20/30 in the right ear. This was taken directly from a supporting medical record.[R. 157]

the ALJ to the Appeals Council. The Appeals Council issued a notice on March 10, 2006, stating that the ALJ's decision denying benefits to Claimant is the final decision of the Commissioner. [R. 5-7]. This appeal followed.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[5]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by

---

[5] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence.  *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).

The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*.  *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993).  The Court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  *Qualls v. Apfel*, 206 F.3d 1368 (10th Cir. 2000); *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).  The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational.  *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[6] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  Substantial evidence is that amount and type of evidence that a reasonable mind will accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750.  In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance.  *Perales*, 402 U.S. at 401.  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards.  *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).  The Commissioner's decision will be reversed when he uses the wrong legal standard or fails

---

[6] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3.  ISSUES ON APPEAL

Claimant first asserts the ALJ failed to perform a proper determination at steps 2 and 3. Claimant urges a diagnoses of arthritis of the lumbosacral and thoracic spine was made by the second consultative examiner. Yet no reference to arthritis or the arthritic changes of the spine was included in the decision of the ALJ. Claimant asserts this is particularly important where the ALJ determined the objective evidence did not support Claimant's complaints of pain.  Without considering the impact of arthritis along with the medical history of scoliosis and complaints of knee pain,  the record was incomplete as to evaluation of Claimant's pain and credibility.

Commissioner responds that there is no evidence in the record that arthritis, alone, more than minimally impacted Plaintiff's ability to perform basic work activities. Commissioner correctly states that the ALJ thoroughly discussed the consultative report of Dr. Krishnamurthi, which report included the diagnosis of arthritis. However, the ALJ did not include in his discussion any mention of the diagnosis and the record up to that point in time did not include any such diagnosis. Failure to consider the impact of this new diagnosis in conjunction with the other conditions for which the consultive examination was originally sought taints the process. This is particularly true where the determinations made at step 2 negatively impact the balance of the sequential steps.

It is well settled that "the burden to prove disability in a social security case is on the claimant." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quoting  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)); 20 C.F.R. §§ 404.1512(a), 416.912(a) (it is up to the claimant to prove to the Social Security Administration that claimant is disabled.

Id.). The claimant must bring everything that tends to prove disability to the attention of the Social Security Administration. 20 C.F.R. §§ 404.1512(a), 416.912(a). Since a social security disability hearing is a nonadversarial proceeding, however, the ALJ has a responsibility "to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." *Madrid*, 447 F.3d at 790. This responsibility generally places a duty upon the ALJ to gather "pertinent, available medical records which come to his attention during the course of the hearing." *Id.* (quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996)).

The ALJ's duty has been described as "one of inquiry, requiring the decision maker to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" *Hawkins*, 113 F.3d at 1164 (quoting *Heckler v. Campbell*, 461 U.S. 458, 471 n.1 (1983) (Brennan, J. concurring)). In this case, the ALJ correctly ordered a post hearing consultative exam. However, when the results of the exam revealed evidence requiring further inquiry or consideration, the ALJ failed to follow through to include those results in his analysis.

Claimant also urges the ALJ should have considered the impact of her poor vision in conjunction with the other evidence. The Court agrees with the Commissioner that there is no indication in the record of any functional limitations due to Claimant's poor vision. Further, poor vision can reasonably be regulated by wearing glasses and is not in this instance a basis for a finding of disability. *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987).

### 4. CONCLUSION

Based upon the Court's conclusion that the ALJ's determination at step 2 had an effect on the disability analysis as a whole requiring reversal and remand, the Court need

not address the other issue raised by Claimant at this time. The Court reverses and remands the Commissioner's decision for further proceedings consistent with this opinion.

IT IS SO ORDERED THIS 14TH DAY OF SEPTEMBER, 2007.

Sam A. Joyner
United States Magistrate Judge